# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF ) <br> OPERATING ENGINEERS, AFL-CIO, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARROW TRENCHING, INC. ) <br> ) <br> Defendant. ) | No. 4:09-CV-391 CAS |

## ORDER

This matter is before the Court on Plaintiffs' Motion To Compel. The Motion is supported by a Memorandum In Support and an Affidavit of Attorney James R. Kimmey.

The Court entered Default Judgment against Defendant, Arrow Trenching, Inc. on May 6, 2009, in the amount of $246,168.18. Plaintiffs attempted garnishment/execution, but recovered only $8,454.54 of the Judgment total. Counsel for Plaintiffs noticed Anthony S. Somers, President of Defendant Arrow Trenching, Inc. for a deposition on September 17, 2009. Mr. Somers failed to appear. See Affidavit of James R. Kimmey. Counsel for Plaintiffs again noticed Mr. Somers for a deposition on October 13, 2009. Again, Mr. Somers failed to appear. See id.

As Plaintiffs state in their Memorandum In Support of the Motion to Compel, judgment creditors are entitled to the full range of discovery in aid of execution on judgments. Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir. 1998). Rule 69(a) of the Federal Rules of Civil Procedure provides that a "money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where

the court is located, but a federal statute governs to the extent it applies." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person--including the judgment debtor--as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P.

Plaintiffs seek to take a post-judgment deposition in aid of execution of their Judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears from the affidavit of Plaintiffs' counsel that Plaintiffs attempted twice to notice Mr. Somers for deposition. Mr. Somers failed to appear either time and also failed to notify counsel for Plaintiffs of his inability to attend, or to make other arrangements for a deposition.

Under the circumstances, compulsory relief is appropriate. Plaintiffs' motion to compel should therefore be granted, and Mr. Somers will be ordered to appear for deposition at the offices of Plaintiffs' counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that Anthony S. Somers shall present himself for deposition at the offices of counsel for Plaintiffs at an agreed-upon time with twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that Arrow Trenching, Inc. and Anthony S. Somers, jointly and severally, shall reimburse Plaintiffs for the costs of the prior attempts to depose Mr. Somers, including court reporter fees and attorneys' fees and for their attorneys' fees associated with filing the instant Motion. Plaintiffs shall be granted five (5) days in which to file appropriate Affidavits establishing these amounts.

**IT IS SO ORDERED**.

*[signature]*
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of October, 2009.