UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION ) <br> OF OPERATING ENGINEERS, AFL-CIO, ) <br> et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARROW TRENCHING, INC., ) <br> ) <br> Defendant. ) | No. 4:09-CV-391 CAS |

## ORDER TO SHOW CAUSE

This matter is before the Court on plaintiffs' motion for contempt against defendant Arrow Trenching, Inc., through its president. Plaintiffs' motion is accompanied by an affidavit of counsel.

**Background**.

Plaintiffs Local 513 International Union of Operating Engineers, AFL-CIO, its associated funds and their Trustees (collectively "plaintiffs") filed this action under Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. The Complaint asserted that defendant Arrow Trenching, Inc. was bound by the provisions of a collective bargaining agreement to forward to plaintiffs amounts deducted from its employees' paychecks as union dues, and submit monthly Contribution Report Forms showing the hours worked and payments made. Plaintiffs asserted that defendant failed and refused to pay the required contributions and submit the required monthly reports. The Complaint sought to require defendant to submit its books and records for an audit and accounting, and sought judgment for the delinquent contributions, interest, liquidated damages, accounting fees, attorneys' fees and costs.

Defendant was served with summons and complaint but failed to appear and file an answer or other response to the complaint. On April 7, 2009, a Clerk's Entry of Default was issued against defendant pursuant to Rule 55(a), Fed. R. Civ. P. (Doc. 5). By Judgment dated May 5, 2009, the Court entered default judgment in favor of plaintiffs and against defendant in the total amount of Two Hundred Forty-Six Thousand One Hundred Sixty-Eight Dollars and Eighteen Cents ($246,168.18) (Doc. 8). After the Default Judgment was entered, plaintiffs attempted execution on the assets of defendant, but only collected $8,454.54 toward their judgment.

Thereafter, plaintiffs began the process of post-judgment discovery and noticed Anthony S. Somers, president of defendant Arrow Trenching, Inc., for a deposition on September 17, 2009. Mr. Somers failed to appear. Plaintiffs again noticed Mr. Somers for a deposition on October 13, 2009. Again, Mr. Somers failed to appear. Plaintiffs then filed a Motion to Compel (Doc. 12), seeking an order that Mr. Somers appear for deposition and produce records at an appointed time and that Mr. Somers and Arrow Trenching, Inc. reimburse plaintiffs for their attorneys' fees and costs associated with their attempts to take Mr. Somers' deposition.

On October 27, 2009, the Court issued an Order granting plaintiffs' Motion to Compel (Doc. 14). The Order directed that Mr. Somers present himself for deposition and produce the documents and records requested in plaintiffs' Notice of Deposition within twenty-one (21) days of the date of the Order, and awarded plaintiffs their attorneys' fees and costs incurred. On November 3, 2009, the Court entered a separate Order awarding plaintiffs attorneys' fees and costs of $1,127.00 against Arrow Trenching, Inc. and Anthony Somers, jointly and severally, and further ordered that this amount be paid within fifteen (15) days of the date of the Order (Doc. 16).

After the Court granted the Motion to Compel, plaintiffs noticed Mr. Somers for deposition and to produce documents and records on November 10, 2009 at 10:00 a.m. at the offices of plaintiffs' counsel. See Third Notice of Deposition in Aid of Execution. The Order of October 27, 2009 and the Third Notice of Deposition were served on Mr. Somers by certified mail, return receipt requested. The affidavit of plaintiffs' counsel, James R. Kimmey, III, states that Mr. Somers failed to appear at the scheduled deposition and produce records despite having received actual notice of the Court's Order and the Third Notice of Deposition.

Plaintiffs move that defendant and Mr. Somers be held in civil contempt of court and fined $200 per day for their noncompliance with the Court's Order, that plaintiffs be awarded their attorneys' fees and costs incurred in connection with the Third Notice of Deposition and the instant motion for contempt, and that a writ of body attachment issue if defendant and Mr. Somers fail to cure their contempt.

**Discussion**.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Chicago Truck Drivers, id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him). See also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant). Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911).

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorneys' fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997)

(ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). Incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants). In addition, the Court has imposed contempt sanctions on a corporate defendant's officer who failed to participate in post-judgment discovery in an ERISA delinquency action. See, e.g., Carpenters' District Council of Greater St. Louis and Vicinity v. DLR Opportunities, Inc., No. 4:07-CV-61 CAS (E.D. Mo. Feb. 22, 2008) (imposing a compliance fine of $100 per day on the defendant's president).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that Arrow Trenching, Inc.'s president, Mr. Somers, did not appear for deposition or produce records as ordered. At this point, the burden shifts to defendant and Mr. Somers to show an inability to comply with the Court's Order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Arrow Trenching, Inc. and its officer Anthony S. Somers are ordered to show cause why they should not be held in contempt of court for failure

5

to have Mr. Somers appear for deposition and produce records on November 10, 2009, as ordered by the Court on October 27, 2009.

**IT IS FURTHER ORDERED** that a hearing is set for Thursday, **December 17, 2009** at **10:30 a.m.** in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendant Arrow Trenching, Inc. and its officer Anthony S. Somers may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of October 27, 2009. Because incarceration is a possible civil contempt sanction, Mr. Somers has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Mr. Somers to arrest by the United States Marshals Service.

**IT IS FURTHER ORDERED** that Mr. Somers shall bring with him to the hearing on December 17, 2009 all of the documents and records listed in plaintiffs' Third Notice of Deposition in Aid of Execution.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail separate copies of this order by both regular mail and certified mail, return receipt requested, to defendant Arrow Trenching, Inc. at 541 Old State Road, Ballwin, Missouri 63021, and to Mr. Anthony S. Somers, at 124 Brookside Lane, Ballwin, Missouri 63021.

                                                        **CHARLES A. SHAW**
                                                        **UNITED STATES DISTRICT JUDGE**

Dated this   17th   day of November, 2009.